sitting in conjunction with the September 1952 Term of the Supreme Court, returned a sealed indictment consisting of three counts against the appellant. The first two counts charge appellant with fraudulently secreting personal property, contrary to section 940 of the Penal Law. The third count charges the crime of fraudulently selling personal property, contrary to section 940 of the Penal Law. The indictment was duly transferred to County Court for disposition. Upon arraignment, the defendant entered a plea of not guilty. The case was thereafter moved for trial on November 12, 1952. During the trial the third count of the indictment was dismissed upon motion of the District Attorney. The jury returned a verdict of guilty as charged on the remaining two counts of the indictment. Appellant urges various grounds for reversal. We need consider only one. It appears without contradiction that appellant was in debt and had given two chattel mortgages covering the property alleged to have been fraudulently secreted to secure payment of a judgment in the sum of $4,501.20 recovered against him by the complaining witness Frank J. Kuleso. On April 28, 1952 the appellant was adjudicated a bankrupt and title to all his property passed to the trustee on that day. Both counts first and second of the indictment charge " That the defendant * * * on or about the 14th day of June, 1952, with intent to defraud one Frank J. Kuleso, did secrete certain personal property ". This date of June 14, 1952 was nearly two months subsequent to the adjudication in bankruptcy. Under such circumstances we feel there was insufficient proof to establish fraudulent concealment of the property alleged in the indictment to have been fraudulently concealed on June 14, 1952. The record is barren of any evidence of criminal intent to defraud necessary to convict defendant of the crime charged. (See *People* v. *MacDougall*, 275 App. Div. 1068.) All concur. (Appeal from a judgment of Seneca County Court, convicting defendant of the crime of fraudulently secreting personal property.)   Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

■   SUZANNE SCORSE, by LEONARD W. SCORSE, Her Guardian ad Litem, Appellant, v. BOARD OF EDUCATION OF THE CITY OF ROCHESTER et al., Respondents.— Judgment and order affirmed, without costs of this appeal to any party. All concur. (Appeal from a judgment of Monroe Trial Term for defendants for no cause of action in a negligence action. The order denied a motion for a new trial.)   Present — McCurn, P. J., Vaughan, Kimball, Willams and Bastow, JJ.

■   LEONARD W. SCORSE, Appellant, v. BOARD OF EDUCATION OF THE CITY OF ROCHESTER et al., Respondents.— Same decision and like cause of action as in companion case of *Scorse* v. *Board of Educ.*   (4 A D 2d 1005).

■   NANCY PICCARRETO, as Administratrix of the Estate of VITO J. PICCARRETO, Appellant, v. ROCHESTER GENERAL HOSPITAL, Respondent.— Judgment affirmed, without costs of this appeal to either party. All concur. (Appeal from a judgment of Monroe Trial Term dismissing plaintiff's complaint at the close of plaintiff's case in a negligence action.)   Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

■   In the Matter of the Adoption of INFANT MARSH, by ROBERT L. BERKEMEIER et al., Respondents. VERONICA TAYLOR, Appellant.— Order affirmed, without costs of this appeal to any party. All concur. (Appeal from an order of Erie County Court allowing and approving the adoption of the Infant Marsh by petitioners and adjudging that the natural mother abandoned the child and that she executed the consent without misunderstanding and without fraud being involved.)   Present — Vaughan, J. P. Kimball, Williams, Bastow and Goldman, JJ.